UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER, | No. 2:17-cv-2436 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. STEWART, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

1

1 | The court is required to screen complaints brought by prisoners seeking relief against a
2 | governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 | court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5 | monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has conducted the required screening and finds that plaintiff may proceed on the following claims:

1) Claims against defendant Lebeck for excessive force and denial of medical care arising under the Eighth Amendment and a claim arising under the First Amendment for retaliating against plaintiff for utilization of an inmate grievance procedure;

2) Claim against defendant Huynh for denial of medical care arising under the Eighth Amendment.

With respect to defendant Reams, Hobart and Stewart, plaintiff's complaint does not state a claim upon which relief can be granted.

At this point, plaintiff has two options: 1) he may proceed on the claims identified above; or 2) attempt to cure the deficiencies with respect to claims against defendants Reams, Hobart and Stewart.

If plaintiff chooses to amend, plaintiff is informed as follows:

1. In order to state a claim for damages, plaintiff must allege facts indicating a causal connection between the actions of a defendant and the injury sustained by plaintiff. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). Furthermore, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983.").

/////
/////

2. Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."

Plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended pleading complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2 & 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted thirty days to file an amended complaint that complies with the terms of this order. If plaintiff does not file an amended complaint within 30 days, this action will proceed on the claims described above against defendants Lebeck and Huynh, and the court will recommend that all other defendants be dismissed.

Dated: March 9, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cand2436.1ish

3