UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>  Plaintiff,<br><br>  v.<br><br>J. LEBECK, et al.,<br><br>  Defendants. | No. 2:17-cv-02436-DJC-CKD<br><br><br>PRETRIAL ORDER |

On August 10, 2023 the Court conducted a final pretrial conference.  Plaintiff appeared pro se and Martha P. Ehlenbach, Christian Michael Georgely, and Tyler Vance Heath appeared on behalf of Defendants J. Lebeck and A. Huynh.  Based on the results of that pretrial conference, the Court now issues this final pretrial order.

This action proceeds on Plaintiff's Complaint against Defendants J. Lebeck for violations of Plaintiff's Eighth and First Amendment rights and A. Huynh for violation of Plaintiff's Eighth Amendment rights.  This matter is set for trial on October 23, 2023.

**I.   Jurisdiction/Venue**

Jurisdiction is predicated on 28 U.S.C. § 1331 and 1343(a)(3).  Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue and Jurisdiction are not contested.

**II.  Jury**

Both parties have timely requested trial by jury.

1

III. **Disputed Evidentiary Issues/Motions in Limine**

The parties have not yet filed motions in limine. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the Court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Any motions in limine Plaintiff or counsel for Defendants elect to file shall be filed on or before October 4, 2023. Opposition shall be filed on or before October 16, 2023. Parties should be prepared to present argument on these motions at the final status conference.

IV. **Witnesses**

Plaintiff's and Defendants' witnesses shall be those described in their witness lists. (*See* ECF Nos. 42, 82.) Each party may call any witnesses designated by the other.

**The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or
2. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the Court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

1. The witness could not reasonably have been discovered prior to the discovery cutoff;

////

2. The Court and opposing parties were promptly notified upon discovery of the witness;

3. If time permitted, the party proffered the witness for deposition; and

4. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## V.  Exhibits

Plaintiff's and Defendants' exhibits shall be those identified in their respective exhibit lists.  Counsel and/or parties shall submit a copy of their exhibit lists to the Court no later than October 4, 2023.

No exhibit shall be marked with or entered into evidence under multiple exhibit numbers.  All exhibits must be pre-marked as discussed below.

At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and Defendants' exhibits shall be listed alphabetically.  The parties are directed to bring an original and one copy of each exhibit to trial.  The original exhibit becomes the property of the Court for purposes of trial.  The copy is for bench use during trial.

The Court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required later in this section.

Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the Court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;

2. The Court and the opposing parties were promptly informed of their existence;

3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

### VI. Further Discovery

Discovery has been completed and is now closed.

### VII. Stipulations

None.

### VIII. Trial Briefs

Trial Briefs from both parties are due on October 4, 2023.

### IX. Proposed Jury *Voir Dire*

By October 4, 2023 parties shall submit proposed questions to be asked by the Court during jury selection.  Parties are advised to limit the number of proposed *voir dire* and to only propose questions they feel are essential.  *Voir dire* will be conducted by the Court.

### X. Proposed Jury Instructions and Verdict Form

On or before October 4, 2023 parties shall submit individual Proposed Jury Instructions and Verdict Form to the Court.  Counsel and/or parties shall submit a copy of all proposed jury instructions and verdicts, whether agreed or disputed no later than October 4, 2023.  Any objections to the Proposed Jury Instructions and Verdict Forms shall be submitted by October 16, 2023.  All blanks in form instructions should be completed and all brackets removed.

### XI. Final Status Conference

The Court will conduct a Final Status Conference on October 19, 2023.  At that time, the Court will hear argument on motions in limine and any outstanding matters to be resolved before trial.

4


## XII. Trial Date/Estimated Time of Trial

Jury Trial is set for October 23, 2023, at 9:00 a.m. in Courtroom 10 before the Honorable Daniel J. Calabretta. Trial is anticipated to last four court days. The parties are directed to Judge Calabretta's standard procedures available on his webpage on the court's website.

## XIII. Objections to Pretrial Order

Each party is granted 14 days from the date of this order to file objections to the same. Each party is also granted 7 days thereafter to respond to the other party's objections. If no objections are filed, the order will become final without further order of this Court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this Court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **August 10, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE