UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER, | No. 2:17-cv-02436-DJC-CKD |
| Plaintiff, | |
| v. | PRETRIAL ORDER |
| J. LEBECK, et al., | |
| Defendants. | |

    Plaintiff is a state inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is set for trial on October 19, 2023.  Following the Final Pretrial Conference and issuance of the Final Pretrial Order, Plaintiff has filed three documents with this court making various requests and raising objections.  (*See* ECF Nos. 87, 88, 90.)

    The first document filed by Plaintiff is entitled "Plaintiff presenting 13 subpoena for trial witnesses".  (ECF No. 87.)  In it, Plaintiff requests that the Court "order the marshals to issue subpoena to said unincarcerated witnesses to Plaintiff can question them during trial."  (*Id*. at 1.)  However, such an order is not necessary for Plaintiff to be able to utilize the United States Marshals Service to serve subpoenas.  As Plaintiff was informed in the Discovery and Scheduling Order issued in this case, "If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than

1

1  four weeks and not later than two weeks before trial, the party must prepare and
2  submit to the United States Marshal a subpoena for service by the Marshal upon the
3  witness. (Blank subpoena forms may be obtained from the Clerk of the Court)." (ECF
4  No. 19 at 4.) The Court will direct the Clerk of the Court to provide Plaintiff with a
5  copy of the blank subpoena form. The Court reminds the Plaintiff that he does not
6  need to subpoena any witnesses who agree to testify voluntarily. (*See id.* at 3–4.)
7  Plaintiff is also permitted to call any witnesses designated by the Defendant. (*See* ECF
8  No. 86 at 2.)
9      It appears Plaintiff may also be requesting that the Court waive the fees
10  associated with using the United States Marshals to serve subpoenas based on
11  Plaintiff's in forma pauperis status. (ECF No. 87 at 1.) The Ninth Circuit has expressly
12  rejected that courts are authorized to waive fees and expenses for witnesses based on
13  in forma pauperis status under 42 U.S.C. § 1915. *Tedder v. Odel*, 890 F.2d 210, 211–
14  12 (9th Cir. 1989) ("Although the plain language of section 1915 provides for service
15  of process for an indigent's witnesses, it does not waive payment of fees or expenses
16  for those witnesses. The Supreme Court has declared that the expenditure of public
17  funds [on behalf of an indigent litigant] is proper only when authorized by Congress."
18  (internal quotation marks and citations omitted)). Thus, to the extent Plaintiff is making
19  such a request, that request is denied as the Court does not have the authority to
20  authorize the waiver of the fees for service by the United States Marshal Service.
21      Plaintiff's second document is entitled "Plaintiff objection to defendants (sic)
22  amended pretrial statement" and states three objections to this pretrial statement.
23  (ECF No. 88 at 1–2.) The first is that the Court previously denied Plaintiff's request to
24  amend his pretrial statement and it is prejudicial to permit Defendants to amend when
25  Plaintiff's request was denied. (*Id.* at 2.) This seems to be a reference to the Court's
26  denial of Plaintiff's request to amend the pretrial statement to add a news article to his
27  exhibit list. (*See* ECF No. 78.) The Court denied that request at the Final Pretrial
28  Hearing on the basis that the proposed exhibit would not be admissible at trial.

1 However, the Court expressly informed the Plaintiff that it would permit him the
2 opportunity to amend his pretrial statement if he believed he had another reason to
3 do so.  The denial of Plaintiff's previous motion to amend was based solely on the
4 inadmissibility of the proposed evidence and was made without prejudice to a new
5 request.  Plaintiff may still request to file an amended pretrial statement if he wishes to
6 do so and the Court will give that motion full consideration.

7      The other two objections contained in Plaintiff's second document concern
8 Defendants' argument in their pretrial statement that Plaintiff's proposed witnesses
9 lack sufficient personal knowledge and a general objection to Plaintiff's prior felony
10 convictions being raised at trial.  (ECF No. 88 at 2.)  Both of these objections are more
11 properly suited to motions in limine; Defendants' arguments in their pretrial
12 statements are not a motion in their own right and do not necessitate objections.  To
13 the extent that Plaintiff wishes to raise issues regarding the permissibility of certain
14 witnesses or Plaintiff's prior convictions at trial, Plaintiff is invited to file these as
15 motions in limine by the deadline previously set by the Court.

16      Finally, Plaintiff has filed a request for "the verdict forms" from the Clerk of the
17 Court. (ECF No. 90 at 1.)  At the Final Pretrial Conference and in its Final Pretrial
18 Order, the Court directed parties to file proposed jury instructions and verdict forms
19 on or before October 4, 2023. (ECF No. 86 at 4.)  Verdict forms are forms that are
20 provided to the jury to be filled out and returned to the Court once they reach a
21 verdict.  These forms are created by the parties, not by the Court.  As such, the Court
22 does not have a "verdict form" to provide to Plaintiff and this request will be denied.
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Request for Issuance of Subpoenas of Trial Witnesses (ECF No. 87) is DENIED;
2. Plaintiff's Request for Verdict Forms (ECF No. 90) is DENIED; and
3. The Clerk of the Court is directed to include with this Order a copy of the blank subpoena form used in this district.

IT IS SO ORDERED.

Dated:   **August 29, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 - candler17cv02436.mult_mot