UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEITH CANDLER,

             Plaintiff,

    v.

J. LEBECK, et al.,

             Defendants.

No. 2:17-cv-02436-DJC-CKD

**<u>ORDER</u>**

Plaintiff Keith Candler is a state inmate proceeding pro se and in forma pauperis.  This case previously proceeded to a jury trial on Plaintiff's Eighth Amendment claims against Defendants J. Lebeck and A. Huynh.  After deliberation, the jury found for Defendants.  Plaintiff has now filed a Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50.[1]  (Mot. (ECF No. 142).)

For the reasons stated below, Plaintiff's motion is denied.

**I.    Background**

By this stage of the proceedings, the parties are all familiar with the facts and history of this case.  In short, Plaintiff alleged that Defendants had failed to properly decontaminate him following his exposure to pepper spray.  Plaintiff sued Defendants

---

[1] Plaintiff states that his Motion is made pursuant to subsection (a)(1) of Rule 50.  Plaintiff's Motion is properly brought under subsection (b), as a renewal of the motion he brought at trial.

Lebeck and Huynh under 42 U.S.C. § 1983 for alleged deliberate indifference to Plaintiff's serious medical needs and substantial risk of serious harm in violation of Plaintiff's Eighth Amendment rights.

At the close of Plaintiff's case in chief, Plaintiff and Defendants both moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).  The Court deferred ruling on both motions.  Plaintiff has now renewed his Motion and briefing is complete.  (*See* Opp'n (ECF No. 149); Reply (ECF No. 150).)

## II.    Plaintiff's Motion

In his motion, Plaintiff contends that the evidence at trial showed that Defendants were deliberately indifferent to Plaintiff's serious medical needs as Plaintiff presented evidence that "defendants did nothing to help" with the pain he was suffering, and Defendants evidence did not "establish a defense even if it was true." (Mot. at 1.)  Plaintiff argues that Defendants "had a duty to get Plaintiff treatment for the exposure to prolong [sic] dangerous chemical agents sooner rather than later to prevent the unnecessary pain and suffering." (*Id.* at 2.)  Plaintiff also asserts Defendants "knew their conduct was illegal by the CDCR ban on corporal punishment and prison rules requiring prisoners to be decontaminated as soon as practicle [sic]." (*Id.*)  In response to Defendants' contention at trial that Defendants needed to gather evidence, Plaintiff argues the law required that Defendants' priority be "human pain and suffering[,]" and that Defendants still failed to decontaminate Plaintiff after they had collected all the evidence.  (*Id.* at 1.)

## III.    Legal Standard

The standard to grant a motion for judgment as a matter of law under Rule 50(b) is "very high."  *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002).  To overturn a jury's verdict by granting such a motion request there be "no legally sufficient basis for a reasonable jury to find for that party on that issue."  *Id.* (internal citations and quotations omitted) (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (2000)).  The Court may not substitute its view of the evidence for the

1    jury's, make credibility determinations, or weigh the evidence and must draw all

2    inferences for the non-moving party.  *Costa*, 299 F.3d at 859; *Josephs v. Pac. Bell*, 443

3    F.3d 1050, 1062 (9th Cir. 2006).  Evidence for the moving party that the jury need not

4    believe should be disregarded.  *Costa*, 299 F.3d at 859 (quoting *Reeves*, 530 U.S. at

5    151).  "The test applied is whether the evidence permits only one reasonable

6    conclusion, and that conclusion is contrary to the jury's verdict."  *EEOC v. Go Daddy*

7    *Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).

8          A renewed motion under Rule 50(b) must be preceded by a Rule 50(a) motion

9    made before the case was submitted to the jury.  *Id.*  "If the judge denies or defers

10   ruling on the [Rule 50(a)] motion, and if the jury then returns a verdict against the

11   moving party, the party may renew its motion under Rule 50(b)."  *Id.*  As a renewed

12   motion, the grounds for judgment made in a Rule 50(b) motion are "limited to the

13   grounds asserted in the pre-deliberation Rule 50(a) motion."  *Id.*

14   **IV.    Discussion**

15         Plaintiff has not shown that the evidence presented at trial permitted only one

16   reasonable conclusion that is contrary to the jury's verdict.  Defendants presented

17   evidence that they decontaminated Plaintiff by exposing him to fresh air as permitted

18   by CDCR policy.  (1/23/24 Tr. (ECF No. 146) at 55:16–22 (Defendant Huynh's

19   testimony on Plaintiff's decontamination via exposure to fresh air); *see* Joint Ex. 8.)

20   Testimony from Defendants' Associate Warden Daniel Ross supported that this was an

21   appropriate form of decontamination under the policy.  (*Id.* at 186:5–10.)  This

22   evidence is sufficient for a reasonable jury to believe that Defendants were using an

23   approved technique, on which they had been trained, to decontaminate Plaintiff.

24   Thus, it would be reasonable for the jury to find that Defendants did not, in fact, act

25   with deliberate indifference as they were already treating him for his exposure to

26   pepper spray by placing him in a location that would expose Plaintiff to fresh air.

27         In his motion, Plaintiff cites *Wallis v. Baldwin*, 70 F.3d 1074 (9th Cir. 1995) for

28   the proposition that Defendants had a duty to get Plaintiff treatment for his exposure

3

1   to pepper spray to prevent further pain and suffering.  But while *Wallis*, a case which

2   concerned exposure to asbestos, does not have any bearing on the appropriate

3   means of decontamination from exposure to pepper spray.  The evidence at trial

4   would permit a reasonable jury to find that Defendants had provided and continued

5   to provide Plaintiff with treatment to prevent further pain and suffering by

6   decontaminating him via exposure to fresh air.

7          Plaintiff's argument that a reasonable jury must find Defendants were

8   deliberately indifferent as there was a period after they had completed their collection

9   of evidence where they still did not provide Plaintiff a shower fails for the same reason.

10  The evidence presented at trial would permit a reasonable fact finder to determine

11  that Plaintiff was already receiving a permissible method of decontamination at this

12  point and that a shower was simply a different – and not necessarily superior –

13  method of decontamination.

14         Plaintiff also cites *Farmer v. Brennan*, 511 U.S. 825, 843 n.8 (1994) and an

15  Eleventh Circuit case, *Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007), for the

16  proposition that "avoiding knowledge may also amount to deliberate indifference."

17  (Mot. at 2.)  It is not clear that the evidence presented could have even supported a

18  jury finding that Defendants had purposely avoided knowledge of a serious medical

19  need or risk of harm; besides Plaintiff's own testimony, there was little to no evidence

20  or testimony that suggested Defendants willfully avoided such knowledge.  Even if

21  there were adequate evidence of this, a Rule 50 motion is only granted where there is

22  "no legally sufficient basis for a reasonable jury to find for that party on that issue[,]"

23  *Costa*, 299 F.3d at 859, not when it is simply possible that a reasonable jury *could* find

24  in the other parties favor.

25         The evidence presented at trial is clearly sufficient to for a reasonable jury to

26  find Defendants' did not willfully avoid knowledge of a serious medical need or risk of

27  harm.  Defendants presented the jury with testimony from Defendants and medical

28  professionals that Plaintiff did not appear to have difficulty breathing or any other

1    indication that would suggest he was experiencing something beyond the standard

2    effects of pepper spray.  (*See id.* at 24:8–12 (Defendant Huynh testifying that if he

3    believed Plaintiff was having trouble breathing, he would have requested medical

4    assistance), 91:9–92:4 (testimony of Nurse Karla Peterson on the recorded effects of

5    pepper spray on Plaintiff), 161:17–25 (stating that Plaintiff was not experiencing

6    serious symptoms of pepper spray exposure).)  This evidence is sufficient for a jury to

7    find that Plaintiff did not have a serious medical need beyond a standard reaction to

8    pepper spray for which Plaintiff was already receiving an approved treatment.  Thus,

9    from this a reasonable jury could find that Defendants did not have knowledge that

10   Plaintiff had a serious medical need or substantial risk of serious harm.[2]

11       In Plaintiff's reply, he argues that "[D]efendants and their witnesses presented

12   false and contradictory statements during trial and they also mispresented the facts

13   during the incident at matter [sic] and during trial."  (Reply at 1.)  Plaintiff does not

14   identify any specific instances where this occurred making it impossible to assess

15   these claims.  Even if Plaintiff had identified specific statements he believed to be false

16   or contradictory, it would be solely for the jury to decide whether those statements

17   were, in fact, false or contradictory and what weight to give the witness's testimony as

18   a result.  "It is the jury, not the judge, which weighs the contradictory evidence and

19   inferences, judges the credibility of witnesses, receives expert instructions, and draws

20   the ultimate conclusion as to the facts.  Courts are not free to reweigh the evidence

21   and set aside the jury verdict merely because the jury could have drawn different

22   inferences or conclusions or because judges feel that other results are more

23   reasonable."  *Cockrum v. Whitney*, 479 F.2d 84, 86 (9th Cir. 1973) (cleaned up)

24   (quoting *Tennant v. Peoria & P. U. Ry.*, 321 U.S. 29, 35 (1944)).  Thus, the jury's

25

26   [2] This is not to say that Plaintiff did, in fact, have a serious medical need or risk of harm for which he was
     not already receiving treatment.  At trial, Plaintiff claimed that the pepper spray caused him difficulty
27   breathing and thus presented a greater serious medical need.  Based on the evidence and testimony
     presented, a reasonable jury could also find that Plaintiff was only suffering from the standard effects of
28   pepper spray.

1  determination is dispositive on this point and the Court will not reweigh the evidence

2  or override the jury's decisions about witness credibility and truthfulness as well as the

3  appropriate weight given to each witness's testimony.[3]

4  **V.    Conclusion**

5        Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment as a

6  Matter of Law under Federal Rule of Civil Procedure 50(b) (ECF No. 142) is DENIED.

7

8        IT IS SO ORDERED.

9  Dated:   **September 23, 2024**

10                                                      Hon. Daniel J. Calabretta
                                                        UNITED STATES DISTRICT JUDGE

11

12

13  DJC1 – candler17cv02436.50

14

15

16

17

18

19

20

21

22

23

24

25

26  [3] In Plaintiff's Reply, he also requests that the Court order Defendant to "present the full trial transcripts"
    before it rules on Plaintiff's motion.  (Reply at 1.)  Defendants attached relevant excerpts of the trial
27  transcript to their opposition, but they requested the full transcripts from trial.  (ECF No. 141.)  The
    Court reporter provided the complete transcripts requested, and they are available to the Court, in full,
28  at ECF Nos. 145–148.  The Court has reviewed those transcripts in preparing this order.